[No. 34203. Department Two. March 28, 1958.]

*In the Matter of the Revocation of the License to Practice Dentistry of* H. N. HARMON.

*In the Matter of the Revocation of the License to Practice Dentistry of* C. C. DOBBS.[1]

*J. Edmund Quigley,* for appellants.

*The Attorney General, Ernest Furnia* and *Roy C. Fox, Assistants,* for respondent.

*Hall, Cole & Lawrence* and *Peter B. Walton, amici curiae.*

[1]Reported in 323 P. (2d) 653.

WEAVER, J.—After a statutory administrative hearing (RCW 43.24.110) at which appellants were represented by counsel, the director of licenses of the state of Washington issued orders revoking the licenses of both appellants to practice dentistry in this state.

At the time of the administrative hearing, appeal to the superior court was governed by Laws of 1935, chapter 112, § 9, p. 296 (Rem. Rev. Stat. (Sup.), § 10031-9), which provides, in part,

"The revocation or suspension of a license to practice shall be in writing signed by the director, stating the grounds upon which such order is based, and the aggrieved party shall have the right to appeal from such order within fifteen days after a copy of such order is served upon him, to the Superior Court of Thurston county, which court shall hear such matter de novo; in such appeal the entire record shall be certified by the director to said superior court, and the review on appeal shall be confined to the evidence adduced at the hearing before the director."

(This statute was re-enacted with minor changes by Laws of 1957, chapter 52, § 35, p. 206 (RCW 18.32.270).)

On appeal to the superior court of Thurston county, the court held that its jurisdiction was limited to a review of the record on appeal for the purpose of determining whether the action of the director of licenses was arbitrary, capricious, or contrary to law. The court affirmed the orders of the director and dismissed appellants' appeals.

The cases are before us on an agreed statement of facts. Appellants make only one assignment of error:

"The trial court erred in his interpretation of his rights and duties under RCW 18.32.270 wherein he held:

" 'A hearing *de novo* means a hearing on the record as made in the administrative hearing before the administrative hearing committee and no new or additional evidence can be presented by either party on appeal before this court.'

"And in so holding the court has deprived the appellants herein of a vested and valuable property right, namely a license to practice dentistry, without due process of law."

There is a distinction between the types of decisions rendered by different administrative agencies. Some agencies perform judicial or quasi-judicial functions; others exercise powers which are essentially administrative. Agencies exercising essentially administrative functions may, among other things, act as fact-finding bodies to ascertain qualifications of an applicant for a license; or they may act to determine whether the conduct of a practitioner, against whom a complaint has been lodged, conforms to the legislative formula by which the right to a license is fixed. If the power exercised by the agency is essentially administrative, the superior court, upon appeal provided by statute, is limited to a consideration of whether the agency acted arbitrarily, capriciously, or contrary to law. *Household Finance Corp. v. State*, 40 Wn. (2d) 451, 244 P. (2d) 260 (1952).

The privilege of practicing dentistry is subject to regulation under the police power of the state. The power conferred by RCW 43.24.110, upon the director of licenses and two members of the profession appointed by the governor as a committee to hear complaints and revoke a dentist's license for cause, is essentially administrative. This administrative power is not one that courts historically were accustomed to perform or had performed prior to the statutory creation of the committee; nor a power with which the courts could have been invested. In these respects, the case before us differs from *Floyd v. Department of Labor & Industries*, 44 Wn. (2d) 560, 269 P. (2d) 563 (1954), wherein this court held that the board of industrial insurance appeals performs an essentially judicial function.

The trial court applied the proper formula in its review of the action of the director of licenses; hence, appellants' assignment of error is not well taken.

The judgments are affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.